NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30312 |
| Plaintiff - Appellant, | D.C. No. 3:10-cr-05293-BHS-1 |
| v. | |
| ROBERT UNDERWOOD, JR., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted February 5, 2013
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

The government appeals the district court's order granting defendant Robert

Underwood Jr.'s motion to exclude the alleged victim's deposition testimony and

dismiss the original indictment. Reviewing de novo, *see United States v. Larson*,

495 F.3d 1094, 1102 (2007) (en banc), we vacate and remand.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court excluded the witness' deposition under our three-part test for determining when restrictions on cross-examination violate the Confrontation Clause: (1) whether the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and, as relevant here, (3) whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness. *See id.* at 1103; *United States v. Beardslee*, 197 F.3d 378, 383 (9th Cir. 1999). The court concluded that, without the ability to cross-examine the witness regarding evidence discovered after the initial deposition was completed, the jury lacked sufficient information regarding the witness' medications, mental capacity and memory to assess her credibility. We respectfully disagree with that assessment.

We are persuaded that, even though Underwood is prevented from conducting further cross-examination, the jury will have sufficient information to assess the witness' credibility. This is so because: (1) the important evidence regarding the witness' medications and mental condition can be presented to the jury through means other than cross-examination; and (2) the existing deposition testimony provides information on the witness' mental capacity and credibility. *Cf. Perry v. New Hampshire*, 132 S. Ct. 716, 723 (2012) ("The Constitution, our

2

decisions indicate, protects a defendant against a conviction based on evidence of questionable reliability, not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit.").

**2.** We reject Underwood's contention that the witness' direct testimony must be stricken under *Murdoch v. Castro*, 609 F.3d 983, 996 (9th Cir. 2010) (en banc) (Silverman, J., concurring), and *Toolate v. Borg*, 828 F.2d 571, 572 (9th Cir. 1987). That line of authority does not apply because Underwood had an unrestricted opportunity to cross-examine the witness regarding her direct testimony.

We hold that the district court erred in determining that presenting the deposition testimony to the jury would violate the Confrontation Clause. We therefore vacate the order excluding the witness' testimony and dismissing the original indictment. Like the district court, we do not reach Underwood's other arguments for excluding the testimony or dismissing the indictment. Nor do we express an opinion as to other issues that may arise on remand.

**VACATED AND REMANDED.**